1  A. DANIEL BACALSKI, JR. (SBN 56488)
   DENISE M. SERINO (SBN 187432)
2  **BACALSKI, OTTOSON & DUBÉ LLP**
   402 West Broadway, Suite 2050
3  Post Office Box 120270
   San Diego, CA 92112-0270
4  (619) 239-4340/FAX: (619) 239-0116

5  Attorneys for Plaintiffs

6

7

8
                        UNITED STATES DISTRICT COURT
9
                      SOUTHERN DISTRICT OF CALIFORNIA
10

11  EDMUND GUTIERREZ and LYDIA          )   CASE NO.  **'11CV1480 H    CAB**
    GUTIERREZ, as individuals and as    )
    successors in interest to Decedent Edmund )  **COMPLAINT  FOR  DAMAGES  AND**
12  M. Gutierrez,                       )   **DEMAND FOR JURY TRIAL**
                                        )
13                  Plaintiffs,         )
    v.                                  )
14                                      )
    CITY OF IMPERIAL, a Municipal       )
15  Corporation; CITY OF EL CENTRO, a   )
    Municipal Corporation; COUNTY OF    )
16  IMPERIAL, a Municipal Corporation; ERIC )
    GRANADO, an individual; JOE         )
17  GARIBALDI, an individual; and DOES 1 )
    through 30, inclusive               )
18                                      )
                    Defendants.         )
19                                      )
                                        )
20

21      Comes now Plaintiffs EDMUND GUTIERREZ and LYDIA GUTIERREZ ("Plaintiffs"), as

22  individuals and as successors in interest to Decedent Edmund M. Gutierrez ("Decedent"), for

23  causes of action against the Defendants, and each of them, complain and allege as follows:

24                                      I.

25                                 JURISDICTION

26      1.      This lawsuit for money damages is brought pursuant to 42 U.S.C. sections 1983,

27  et. seq., and the Fourth and Fourteenth Amendments to the United States Constitution, for

28  wrongful death, personal injuries and violation of Plaintiffs' and Plaintiffs' Decedent's

                                        1

1  constitutional rights by Defendants CITY OF IMPERIAL and its police department and police

2  officers, ERIC GRANADO and JOE GARIBALDI; the CITY OF EL CENTRO and its police

3  department and police officers; the COUNTY OF IMPERIAL and its police department, and

4  DOES 1-30.  Jurisdiction is founded on 28 U.S.C. sections 1331 and 1343 and the

5  aforementioned statutory and Constitutional provisions.  State claims of wrongful death via

6  negligence, battery and Civil Code section 52.1 violations are alleged as well.  Plaintiffs invoke

7  the Court's supplemental jurisdiction to consider these state law claims.

8                                                    II.

9                                       **GENERAL ALLEGATIONS**

10         2.       On or about July 5, 2010, Edmund M. Gutierrez ("Decedent") died from the use

11  of excessive, unreasonable and unwarranted force.

12         3.       Plaintiffs EDMUND GUTIERREZ, the surviving father of Decedent, and LYDIA

13  GUTIERREZ, the surviving mother of Decedent, are Decedent's successors in interest and

14  succeed to his interest in this action.  No proceeding is now pending in California for

15  administration of Decedent's estate. At all times mentioned herein, Plaintiffs, and each of them,

16  were and are residents of the County of Imperial in the State of California.

17         4.       No other person has a superior right to commence this action or proceeding or

18  to be substituted for Decedent in any pending action or proceeding

19         5.       Defendant CITY OF IMPERIAL is a municipal corporation serving as local

20  government for residents of that city, and providing, among other things, for the enforcement

21  of state and municipal laws in and through its law enforcement agency, the Police Department

22  of the City of Imperial.  The CITY OF IMPERIAL acted both through its agent police officers in

23  the perpetration of this unjustified killing and through its managing agents in the authorization

24  and ratification of it.

25         6.       Defendant CITY OF EL CENTRO is a municipal corporation serving as local

26  government for residents of that city, and providing, among other things, for the enforcement

27  of state and municipal laws in and through its law enforcement agency, the Police Department

28  of the City of El Centro.  The CITY OF EL CENTRO acted both through its agent police officers

1  in the perpetration of this unjustified killing and through its managing agents in the

2  authorization and ratification of it.

3     7.     Defendant COUNTY OF IMPERIAL is a municipal corporation serving as local

4  government for residents of that city, and providing, among other things, for the enforcement

5  of state and municipal laws in and through its law enforcement agency, the Police Department

6  of the City of Imperial. The COUNTY OF IMPERIAL acted both through its agent police officers

7  in the perpetration of this unjustified killing and through its managing agents in the

8  authorization and ratification of it.

9     8.     Plaintiffs are informed and believe, and thereon allege, that at all times

10 mentioned herein Defendants ERIC GRANADO ("GRANADO") and JOE GARIBALDI

11 ("GARIBALDI") were employees of the CITY OF IMPERIAL and the Police Department of the

12 CITY OF IMPERIAL, and are residents of the County of Imperial. Defendants GRANADO and

13 GARIBALDI, and each of them, were working as police officers of the CITY OF IMPERIAL, and

14 were, during the incident resulting in the death of Decedent, working in the course and scope

15 of their employment.

16    9.     The true names and capacities of Defendants DOES 1-30 are unknown to

17 Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs are informed

18 and believe, and thereon allege, that each of the Defendants herein designated as a DOE is

19 responsible in some manner for the events and happenings herein referred to, and caused

20 injuries and damages proximately thereby as hereinafter alleged.

21    10.    Plaintiffs EDMUND GUTIERREZ, the surviving father of Decedent, and LYDIA

22 GUTIERREZ, the surviving mother of Decedent, have exhausted applicable administrative

23 remedies by filing notices of claims with (1) the CITY OF IMPERIAL on or about January 3,

24 2011 (rejected on January 19, 2011), (2) the CITY OF EL CENTRO on or about January 4, 2011

25 (rejected on January 19, 2011), and (3) the COUNTY OF IMPERIAL on or about January 3, 2011

26 (rejected on February 18, 2011), wherein they alleged the wrongful killing of Decedent.

27 ///

28 ///

3

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## III.

## THE INCIDENT

11.     In the early morning hours of July 5, 2010, Decedent was operating his vehicle in a northerly direction on Clark Road in the City of Imperial, State of California. At said time and place, GRANADO, a police officer, was on patrol accompanied by a female civilian ride along, Maricela Quintana.

12.     GRANADO observed Decedent driving, and began pursuing him for a routine traffic violation. Decedent and GRANADO entered the area of Sierra Court in said city, where both vehicles stopped. GRANADO asked Decedent to exit his vehicle. Decedent complied. GRANADO then handcuffed Decedent and subsequently proceeded to subject Decedent to excessive, unwarranted and unreasonable force. Decedent struggled and attempted to resist this unlawful use of force.

13.     While Decedent's hands were cuffed behind his back, GRANADO activated his taser multiple times and repeatedly fired it at Decedent, making direct contact with Decedent's body. GRANADO was soon joined by GARIBALDI, another police officer. GARIBALDI sprayed Decedent in the face with pepper spray and then delivered several blows to Decedent's face with his hand. Meanwhile, GRANADO was beating Decedent with his baton. Together, GRANADO and GARIBALDI used such excessive, unreasonable and unwarranted force so as to ultimately cause Decedent's death.

14.     After other officers and emergency personnel arrived at the scene, the paramedics strapped Decedent to a backboard to transport him to the hospital. Shortly after placing him into the ambulance, the paramedics began performing CPR because Decedent had stopped breathing. Decedent arrived at the hospital in full cardiac arrest. He died within the hour.

///

///

///

///

///

4

**IV.**

**FIRST CAUSE OF ACTION**

**[42 U.S.C. Section 1983 Constitutional Violations
Alleged on Behalf of Plaintiffs as Successors in Interest to Decedent]**

15. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 14 above as though fully set forth herein. This cause of action is brought against Defendants GRANADO, GARIBALDI and DOES 1-15.

16. The acts alleged above, particularly the unreasonable, unjustified and unnecessary use of force, proximately caused injury and death to Decedent. This unreasonable and excessive force constituted an unlawful seizure, in violation of the Fourth Amendment to the United States Constitution. As a result, Plaintiffs, as successors in interest to Decedent, are entitled to damages pursuant to Title 42 U.S.C. section 1983 and the Fourth Amendment to the U.S. Constitution, in an amount to be proven at trial.

17. The acts of Defendants, and each of them, as described above, also amounted to recklessness and, thus, a further violation of the Fourth Amendment. Additionally, the acts alleged above, particularly the beating of Decedent as well as the repeated shooting of him with a taser gun constituted a further violation of Decedent's constitutional rights under the Fourth Amendment. Said acts proximately caused injury and death to Decedent, entitling Plaintiffs, as successors in interest to Decedent, to damages pursuant to 42 U.S.C. section 1983 *et seq.*

18. As a direct and proximate result of the unlawful acts, excessive force, unlawful seizure, recklessness, beating and shooting with a taser gun as described above, Decedent suffered severe injuries and loss of his life. By reason of these acts, Plaintiffs, as successors in interest to Decedent, are entitled by virtue of 42 U.S.C. section 1983 *et seq.*, to general and compensatory damages in an amount to be proven at trial.

///

///

///

///

5

19.    As a further result of the actions of said Defendants alleged above, Decedent's surviving heirs incurred reasonable funeral expenses and loss of such income as Decedent would have earned in his lifetime. Plaintiffs, as successors in interest to Decedent, have lost such estate as Decedent might reasonably have accumulated in his natural life expectancy. Thus, Plaintiffs are entitled to damages in an amount to be proven at trial.

20.    The aforementioned acts of Defendants GRANADO, GARIBALDI and DOES 1-15 were done wilfully, maliciously and/or with callous and reckless indifference to and disregard for Decedent's safety and continued life, as well as the above-mentioned constitutional rights, therefore entitling Plaintiffs to punitive damages in an amount to be proven at trial.

## V.

## SECOND CAUSE OF ACTION

### [42 U.S.C. Section 1983 Constitutional Violations Alleged on Behalf of Plaintiffs as Individuals]

21.    Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1-14 above as though fully set forth herein. This cause of action is brought against Defendants GRANADO, GARIBALDI and DOES 1-15.

22.    As a result of the acts alleged above, particularly the unreasonable, unjustified and unnecessary beating and repeated shooting with a taser gun of Decedent, Plaintiffs suffered the loss of their son. Thus, the acts of Defendants deprived these Plaintiffs of their constitutionally protected due process right to the love, support, affection and companionship of their son, in violation of these Plaintiffs' rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution, particularly the due process clause of the Fourteenth Amendment.

23.    The acts of these Defendants, and each of them, as described above, also amounted to recklessness which caused Decedent's death, thus constituting a further violation of the Fourteenth Amendment rights of these Plaintiffs. Further, the acts alleged above, particularly the acts of unreasonable and excessive force which caused Decedent's death, constituted a further violation of these Plaintiffs' constitutional rights under the Fourteenth Amendment. Said acts proximately caused the death of Decedent, entitling Plaintiffs' to general

6

1   and compensatory damages pursuant to 42 U.S.C. section 1983 *et seq.* in an amount to be

2   proven at trial.

3        24.    The aforesaid acts of Defendants GRANADO, GARIBALDI and DOES 1-15 were

4   done willfully, maliciously and/or with callous and reckless indifference to and disregard for

5   Decedent's safety and continued life, as well Plaintiffs above-mentioned constitutional rights,

6   therefore entitling Plaintiffs to punitive damages in an amount to be proven at trial.

7   **VI.**

8   **THIRD CAUSE OF ACTION**

9   **[42 U.S.C. Section 1983 Constitutional Violations<br>Via Unlawful Policies, Customs or Habits]**

10

11        25.    Plaintiffs hereby reallege the facts set forth in paragraphs 1-24 and incorporate

12   them by reference as though set forth in full. This cause of action is brought against Defendants

13   CITY OF IMPERIAL, COUNTY OF IMPERIAL, CITY OF EL CENTRO and DOES 16-30.

14        26.    On information and belief, Plaintiffs allege that Defendants CITY OF IMPERIAL,

15   COUNTY OF IMPERIAL, and CITY OF EL CENTRO, through their respective police

16   departments, have unlawful policies, customs and/or habits of improper and inadequate hiring,

17   training, retention, disciplining and supervision of its police officers, including the named

18   Defendants herein, proximately causing the constitutional deprivations, injuries and damages

19   alleged in the first and second causes of action above. As a result, Plaintiffs are entitled to

20   damage pursuant to Title U.S.C. section 1983, in an amount to be proven at trial.

21        27.    Further, on information and belief, Plaintiffs allege that Defendants CITY OF

22   IMPERIAL, COUNTY OF IMPERIAL, and CITY OF EL CENTRO, through their respective police

23   departments, have an unlawful policy, custom and/or habit of permitting, condoning or ratifying

24   the unnecessary and unjustified use of deadly force. This has manifested, among other things,

25   here through an endeavor to stifle and cover up the investigation and actual cause of

26   Decedent's death, as in many other cases where police injure or kill without justification.

27   ///

28   ///

7

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    28.    As a proximate result of the unlawful policies, customs and habits alleged above,

2    Plaintiffs suffered the constitutional violations alleged in the first and second causes of action

3    above, and the injuries alleged therein.   Plaintiffs are therefore entitled to general and

4    compensatory damages in an amount to be proven at trial.

5                                        VII.

6                            FOURTH CAUSE OF ACTION

7                     [Negligence/Wrongful Death under California Law]

8    29.    Plaintiffs hereby reallege the facts set forth in paragraphs 1-28 and incorporate

9    them by reference as though set forth in full.   This cause of action is brought against all

10   Defendants.

11   30.    By way of the acts alleged above, including the acts of Defendants which led up

12   to the death of Decedent, Defendants and other employees of Defendants CITY OF IMPERIAL,

13   COUNTY OF IMPERIAL and CITY OF EL CENTRO were negligent and breached their duty of

14   due care, thereby causing injuries to and ultimately the death of Decedent, as described above,

15   and the damages described above.   As a result, Plaintiffs are entitled to general and

16   compensatory damages under California law in an amount to be proven at trial.

17   31.    Further, Defendants GRANADO and GARIBALDI negligently beat, pepper

18   sprayed and tasered Decedent, resulting in injury and death.   The use of deadly force was not

19   justified.   Decedent did not pose a threat to officers GRANADO and GARIBALDI, nor to any

20   other person.

21   32.    On information and believe, Plaintiffs allege that Defendants CITY OF IMPERIAL,

22   COUNTY OF IMPERIAL and CITY OF EL CENTRO knew beforehand that Defendants

23   GRANADO, GARIBALDI and other police officers employed by Defendants were dangerous

24   in their handling of past arrests, and thus failed in their duty to effectively train, supervise and/or

25   discipline its officers in a manner which would have prevented Decedent's death.   Inadequate

26   training, supervision and discipline are part of a systematic failure of the departments and their

27   supervisory employees, resulting in an unusually high number of unjustified deaths, including

28   the death of Plaintiffs' Decedent.

8

33.     As a result of the negligent described herein, Plaintiffs are entitled to damages under California law according to proof at trial for the wrongful death of Decedent including, but not limited to, loss of love, companionship, comfort, affection, society, moral support, financial support, services, advice, training and funeral expenses for which Defendants, and each of them, are responsible.

## VIII.

## FIFTH CAUSE OF ACTION

## [Battery/Wrongful Death under California Law]

34.     Plaintiffs hereby reallege the facts set forth in paragraphs 1-33 and incorporate them by reference as though set forth in full.  This cause of action is brought against all Defendants.

35.     Defendants GRANADO and GARIBALDI used excessive force and deployed their taser guns against Decedent with the intent to harm him, thereby constituting a battery against him.  As a result, Plaintiffs are entitled to general and compensatory damages under California law in an amount to be proven at trial.

36.     As a result of the battery described herein, Plaintiffs are entitled to damages under California law according to proof at trial for the wrongful death of Decedent including, but not limited to, loss of love, companionship, comfort, affection, society, moral support, financial support, services, advice, training and funeral expenses for which Defendants, and each of them, are responsible.

## IX.

## SIXTH CAUSE OF ACTION

## [Wrongful Death/Civil Code Section 52.1
## Civil Rights Violations Under California Law]

37.     Plaintiffs hereby reallege the facts set forth in paragraphs 1-36 and incorporate them by reference as though set forth in full.  This cause of action is brought against all Defendants.

///

9

38.     The acts alleged above, particularly the acts of unjustified physical violence and deadly force against Decedent which ultimately caused his death, constituted an unlawful seizure of Plaintiffs' Decedent in violation of Article I, Section 13, of the California Constitution and the Fourth Amendment of the United States Constitution, as well as a violation of Plaintiffs' Fourteenth Amendment rights to due process of law. The acts of Defendants were committed by threats, intimidation and/or coercion. Therefore, Plaintiffs are entitled to damages pursuant to California Civil Code section 52.1(b).

39.     As a result of these acts, Plaintiffs suffered the injuries and damages described in the preceding allegations of this compliant, which pass to Plaintiffs as heirs of Decedent, and otherwise entitle Plaintiffs to damages for loss of support, comfort and companionship, as previously described.

40.     The aforesaid acts of Defendants were done wilfully, maliciously and/or with callous and reckless indifference to and disregard for Decedent's safety and continued life, therefore entitling Plaintiffs to punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For general and compensatory damages against Defendants, and each of them, in an amount not yet ascertained and to be proven at trial;

2.     For exemplary and punitive damages against Defendants GRANADO and GARIBALDI, in an amount not yet ascertained and to be proven at trial;

///

///

///

///

///

///

///

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1      3.    For costs of suit herein, including reasonable attorney's fees; and,

2      4.    For such other relief as the Court deems proper.

3  Dated: July 5 , 2011          **BACALSKI, OTTOSON & DUBÉ LLP**

5                By:  _____

6                      A. Daniel Bacalski, Jr.
                          Denise M. Serino

7                      Attorneys for Plaintiffs
                      EDMUND GUTIERREZ and LYDIA GUTIERREZ

9  **DEMAND FOR JURY TRIAL**

10      Plaintiffs hereby demand a jury trial in this action.

12  Dated: July 5 , 2011          **BACALSKI, OTTOSON & DUBE LLP**

14                By:  _____
                      A. Daniel Bacalski, Jr., Esq.

15                      Denise M. Serino, Esq.
                      Attorneys for Plaintiffs

16                      EDMUND GUTIERREZ and LYDIA GUTIERREZ

11